UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

FRANCISCO BAGU,

    Plaintiff,

v.                                                   CIVIL ACTION NO. 5:21-cv-00572

LT. K. CRAWFORD,
LT. O. SPRADLIN,
OFFICER G. SHAMBLIN,
OFFICER FROBLES,
OFFICER TAYLOR, and
OFFICER WILLIAMS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 39], filed April 4, 2022. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on July 6, 2022. Magistrate Judge Eifert recommended that the Court grant the Defendant's Motion and dismiss Plaintiff Francisco Bagu's Complaint. Mr. Bagu filed objections on August 15, 2022. [Doc. 50].

I.

Mr. Bagu complains about events at FCI Beckley, which occurred on March 8, 2021. He claims that he suffered a series of assaults -- some physical and others sexual -- by correctional officers that began with a pat down outside of his cell on a general population unit and ended after Mr. Bagu was taken to the special housing unit ("SHU"). Mr. Bagu concedes that he did not exhaust remedies prior to filing the instant action. [Doc. 1 at 4]. He claims, however,

that his case manager, Mr. Harvey, and the unit manager, Mrs. Stapples, denied him access to grievance forms. [*Id.*; Doc. 1-1 at 3]. Mr. Bagu indicates that he eventually notified a Special Investigative Services ("SIS") Lieutenant about the sexual abuse committed by Williams, Taylor, and Frobles.

As relevant here, the Defendants moved to dismiss for failure to exhaust administrative remedies. [Doc. 39]. The Defendants argue that Mr. Bagu's excuse for failing to exhaust administrative remedies is unsubstantiated and conclusory, making it an insufficient reason to withstand summary judgment. [Doc. 42 at 13].

The magistrate judge determined that Mr. Bagu failed to exhaust his available administrative remedies. More specifically, the magistrate judge concluded that his assertion that he was denied grievance forms was not credible and was refuted by many facts, including the fact that his counselor Jeremy James never received a request from Mr. Bagu for an administrative remedy form, other inmates filed grievances without hindrance, and Mr. Bagu completed a property claim form relating to the alleged March 8 incident but did not complete an administrative remedy form. [Doc. 49 at 23–26]. Thus, the magistrate judge recommended that the Court dismiss the Complaint for failure to exhaust. [*Id.* at 27].

On August 15, 2022, Mr. Bagu filed objections. [Doc. 50]. Therein, he stated that he had other documentation that proves the abuse he suffered, there is no proof he was the aggressor, and the fact that he was "in and out of consciousness [was] clearly documented in handheld camara [sic]." [*Id.*]. He also requested to examine the video of one of the alleged incidents of abuse. [*Id.*]. He then discusses his tort claim that he filed about a missing watch that he was forced to hand over while in the SHU. [*Id.*]. Finally, he asserts that he was "interviewed by an official who [he] told of the abuse" and that official said "he'd contact [him] again but he never

returned like he said he would." [*Id.*].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

## III.

The Court liberally construes Mr. Bagu's objections and assumes Mr. Bagu objects to the magistrate judge's findings that his administrative remedies were available to him. [*See* Doc. 50 (claiming that he was "interviewed by an official who [he] told of the abuse" and that official said "he'd contact [him] again but he never returned like he said he would")]. As such, the Court will make a de novo review of whether Mr. Bagu's administrative remedies were available.

The Prison Litigation Reform Act requires a prisoner to exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a); *Battle v. Ledford*, 912 F.3d 708, 711 (4th Cir. 2019). "An inmate . . . must exhaust available remedies, but

need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). There are several circumstances in which administrative remedies are deemed unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

Mr. Bagu claims that administrative remedies were unavailable to him because his "counselor and unit manager denied [him] the right to obtain a grievance form" -- "they told [him] they'd send [him] one but never did." [Doc. 1 at 4]. He repeats a similar assertion in his objections; he claims was "interviewed by an official who [he] told of the abuse" and that official said "he'd contact [him] again but he never returned like he said he would." [Doc. 50]. Thus, his arguments fall into the first category.

As to this first category, the Supreme Court has explained that "[w]hen the facts on the ground demonstrate that no such potential [for relief] exists, the inmate has no obligation to exhaust the remedy." *Ross*, 578 U.S. at 643. Nonetheless, a "bare assertion that is 'unsupported by any detail' will not satisfy a prisoner plaintiff's 'burden of showing that remedies were unavailable.'" *Mendez v. Breckon*, No. 7:20-CV-00046, 2021 WL 4268890, at *3 (W.D. Va. Sept. 20, 2021) (quoting *Rodrigues v. Hamilton*, 7:20-cv-338, 2021 WL 413530, at *6 (W.D. Va. Feb. 5, 2021)); *see also Creel v. Hudson*, No. 2:14-CV-10648, 2017 WL 4004579, at *4–6 (S.D. W. Va. Sept. 12, 2017) ("Unsubstantiated and conclusory assertions by an inmate that prison officials thwarted pursuit of the administrative process are insufficient to excuse failure to exhaust.").

4

Mr. Bagu's claims are nothing more than bare assertions. Jeremy James -- Mr. Bagu's counselor who would handle requests from inmates for administrative remedy forms -- explains in a declaration that Mr. Bagu never asked him for any administrative remedy form. [Doc. 39-2 at 3]. Destiny Spearen, a paralegal at FCI Beckley, submitted a declaration that Mr. Bagu did not file a single administrative remedy form while at FCI Beckley. [Doc. 39-3 at 3, 6]. Further, according to Ms. Spearen's declaration, 138 administrative complaints were filed by FCI Beckley inmates between March 1 and July 31, 2021, and none of them were hindered by staff. [*Id.* at 8–22]. Importantly, Mr. Bagu did complete a BOP property claim form from the March 8 incident, specifically regarding a watch, but apparently chose not to complete an administrative remedy form for the alleged abuse he suffered on that same date. [*See* Doc. 50]. And while Mr. Bagu did send a letter to SIS regarding the alleged abuse he suffered, such letter is not a substitute for filing an administrative remedy form. [Doc. 39-1 at 7].

At bottom, Mr. Bagu's claims are too vague and unsubstantiated to allow the Court to conclude that his administrative remedies were unavailable. *See Tosado v. Gilbert*, No. 7:20-CV-00287, 2020 WL 6487685, at *3–4 (W.D. Va. Nov. 4, 2020) (holding that "numerous courts within the Fourth Circuit and elsewhere have held that 'unsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, fail to create a genuine issue of material fact sufficient to withstand summary judgment'"). Thus, Mr. Bagu failed to exhaust his administrative remedies, and his objections are therefore **OVERRULED**.

## IV.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 49**], **GRANTS** Defendant's

Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 39**], **DISMISSES** Plaintiff's Complaint [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party.

ENTER:  September 14, 2022

Frank W. Volk
United States District Judge